REBECCA J. WINTHROP (CA BAR NO. 116386)
ROBIN BALL (CA BAR NO. 159698)
ANDREW ROSENBLATT (*pro hac vice* pending)
FRANCISCO VAZQUEZ (*pro hac vice* pending)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:    (213) 892-9200
Facsimile:    (213) 892-9494
rebecca.winthrop@nortonrosefulbright.com
robin.ball@nortonrosefulbright.com
andrew.rosenblatt@nortonrosefulbright.com
francisco.vazquez@nortonrosefulbright.com

Attorneys for Petitioners OSMAN MOHAMMED ARAB and WONG KWOK KEUNG, in their capacity as the joint and several Trustees of the property of Cheng Wai Hung and Cheng Wai Tak Terence, Debtors in Foreign Proceedings

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>Cheng Wai Hung,<br><br>   Debtor in a Foreign Proceeding. | Case No. 6:17-bk-19494<br><br>Chapter 15 |
| In re:<br><br>Cheng Wai Tak Terence,<br><br>   Debtor in a Foreign Proceeding. | Case No. 6:17-bk-19495<br><br>Chapter 15<br><br>**VERIFIED PETITION FOR RECOGNITION OF FOREIGN PROCEEDINGS AND RELATED RELIEF** |

   OSMAN MOHAMMED ARAB and WONG KWOK KEUNG, in their capacity as the joint and several Trustees (together, the "Petitioners") of the property of Cheng Wai Hung ("Wai Hung") and Cheng Wai Tak Terence ("Wai Tak," together with Wai Hung, the "Debtors"),

debtors in bankruptcy proceedings pending before the Court of First Instance of the High Court of the Hong Kong Special Administrative Region (the "Hong Kong Court") under the laws of Hong Kong, and as duly authorized foreign representatives as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), through their United States counsel, Norton Rose Fulbright US LLP, respectfully submit this *Verified Petition For Recognition Of Foreign Proceedings and Related Relief*. In support thereof, the Petitioners respectfully state as follows:

## I.

## PRELIMINARY STATEMENT

By this Chapter 15 verified petition and the form petition filed herewith (together, the "Petition"), the Petitioners seek recognition of each of the Debtors' bankruptcy proceedings (together, the "Hong Kong Proceedings") pending before the Hong Kong Court.[1]

The Petitioners commenced these Chapter 15 cases by filing the Petition contemporaneously with, and accompanied by, all certifications, statements, lists and documents required under Chapter 15 and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). As set forth below and in the Declaration of Lewis Shang Chu Man, Hong Kong legal counsel to the Petitioners, filed concurrently herewith (the "Man Declaration"):

(a) a foreign proceeding with respect to each of the Debtors was duly commenced in Hong Kong;

(b) each of the Debtors is a legal resident of Hong Kong and has his center of main interests in Hong Kong;

(c) the Petitioners are duly authorized to serve as foreign representatives and to petition for relief under Chapter 15 of the Bankruptcy Code in connection with the Hong Kong Proceedings; and

(d) the Petitioners are entitled to the relief requested.

---

[1] The Debtors are brothers and share common ownership in several companies. As described in greater detail below, the Debtors' largest creditor filed bankruptcy petitions against each of the Debtors on April 17, 2015. Subsequently, the Debtors were adjudged to be bankrupt in Hong Kong on June 17, 2015 by the same judge. Their bankruptcy cases are pending before the same judge and are being administered together by the Petitioners in Hong Kong. Accordingly, by separate application, the Petitioners are seeking an order jointly administering the Debtors' Chapter 15 cases to avoid duplication and maximize efficiency for the benefit of the Debtors' estates.

1       On June 17, 2015, the Hong Kong Court issued orders (the "June 17 Orders"), copies of which are attached hereto as Exhibit "A" declaring the Debtors to be bankrupt and appointing the Official Receiver of Hong Kong (the "Official Receiver") as the provisional trustee of the property of the Debtors. Thereafter, at a general meeting of creditors of each of the Debtors held on August 6, 2015, resolutions were passed, copies of which are attached hereto as Exhibit "B," appointing the Petitioners as the joint and several Trustees of the property of the Debtors "with immediate effect" (the "August 6 Resolutions"). In that role, the Petitioners are responsible for, among other things, (i) identifying, taking control of and safeguarding the Debtors' assets and bankruptcy estates, including assets located outside of Hong Kong, (ii) investigating the Debtors' affairs, and (iii) pursuing claims for the benefit of the Debtors' creditors and estates, including avoidance claims. Pursuant to a resolution dated March 22, 2017 approved by the Creditors' Committee (the "Authorizing Resolution"), a copy of which is attached hereto as Exhibit "C", the Petitioners have been authorized to file the Petition and commence this Chapter 15 case.

        As discussed in greater detail below, the Debtors have not cooperated with the Petitioners or provided them with any information as required under Hong Kong law following the Hong Kong Court's entry of the June 17 Orders. The Petitioners are concerned that the Debtors, who have not been in contact with the Petitioners, may have fled Hong Kong shortly before the commencement of the Hong Kong Proceedings to avoid the Hong Kong Court's jurisdiction. Consequently, the Petitioners currently possess incomplete information regarding the Debtors' finances, including the scope and location of their assets.

        In furtherance of their duties, the Petitioners have undertaken an extensive investigation to locate the Debtors' assets in Hong Kong and throughout the world. As a result of their efforts, the Petitioners have discovered that the Debtors have assets in California and may have additional assets in the United States. In addition, the Petitioners are aware that the Debtors have previously transferred property by expeditious means, including interfamily sales and quitclaim deeds. The Petitioners are therefore concerned that the Debtors will transfer the assets in California and elsewhere without the Petitioners' consent in violation of Hong Kong law and to the detriment of the Debtors' creditors. Indeed, it appears that the Debtors may have transferred or concealed their

California assets by placing them in the names of, or in the control of, companies they own or control or other family members after the filing of the Hong Kong Proceedings.

By this Petition, the Petitioners seek an order granting recognition of the Hong Kong Proceedings substantially in the form of the proposed *Order Granting Recognition of a Foreign Main Proceeding* attached hereto as Exhibit "D" (the "Proposed Order"). Recognition of the Hong Kong Proceedings will (i) protect the Debtors' assets and ensure that they are administered under the auspices of the Hong Kong Court in the Hong Kong Proceedings for the benefit of all of the Debtors' creditors, and (ii) provide the Petitioners with an opportunity to seek discovery in order to determine whether, and to what extent, the Debtors have additional assets and whether the Petitioners have claims that should be pursued in the United States or elsewhere.[2]

The Petition satisfies all of the requirements set forth in section 1515 of the Bankruptcy Code. Moreover, the relief requested by the Petitioners is well within the scope of Chapter 15 of the Bankruptcy Code, which authorizes this Court to (i) recognize a "foreign proceeding" upon the proper commencement of a case under Chapter 15 by a "foreign representative" and (ii) grant assistance in the United States to such foreign representative in connection with the foreign proceeding. Based on the foregoing and the reasons described herein, the Petitioners are entitled to an order granting recognition to the Hong Kong Proceedings under Chapter 15 of the Bankruptcy Code.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

Venue is proper in this District pursuant to 28 U.S.C. § 1410(1).

The statutory predicates for the relief requested herein are sections 105, 1504, 1509, 1515, 1516, 1517, 1520 and 1521 of the Bankruptcy Code.

---

[2] Upon recognition of the Hong Kong Proceedings, the Petitioners anticipate that they will seek discovery from parties in the United States under section 1521 of the Bankruptcy Code.

## III.

## BACKGROUND

A. The Debtors and Their Hong Kong Connections

The Debtors are brothers who were born in Hong Kong. Debtor Wai Hung, the older of the two, was born on October 9, 1961. Debtor Wai Tak was born on September 8, 1963. The Debtors are legal residents of Hong Kong and hold Hong Kong Identity Cards. As of April 17, 2015, the date of the filing of the Hong Kong Bankruptcy Petitions (defined below), the Debtors shared the same business address and had apartments in the same complex in Hong Kong. The Debtors' current whereabouts, however, are unknown. The Petitioners understand (based on Hong Kong Immigration Department records) that the Debtors left Hong Kong shortly before the commencement of the Hong Kong Proceedings. Nevertheless, based upon the Petitioners' investigation, it appears that the Debtors maintain significant contacts to Hong Kong, including ownership interests in several companies incorporated in Hong Kong.

The Debtors also have many common creditors in Hong Kong. Indeed, the Hong Kong Proceedings were commenced by the filing of a bankruptcy petition by the Debtors' largest institutional creditor, China CITIC Bank International Limited ("China CITIC"), with a claim in excess of US $6.9 million against each of the Debtors. Based upon the claims submitted to the Petitioners, (i) Wai Hung has eleven creditors in Hong Kong with claims in excess of US $23 million, and (ii) Wai Tak has twelve creditors in Hong Kong with claims in excess of US $22 million.

In addition to their business connections, the Debtors appear to have personal and social connections to Hong Kong. For example, based upon the preliminary results of an asset-tracing investigation (described in more detail below), the Petitioners believe that Wai Tak's wife frequently volunteers at a church in Hong Kong and is involved in the production of a musical play in Hong Kong. Moreover, Wai Tak may still be a member of the Zhaoqing Friends Syndicate that currently owns racing horses in Hong Kong.

B. The Hong Kong Proceedings

Pursuant to a Guarantee and Indemnity dated December 8, 2014 (the "Cheng Guarantee"),

the Debtors personally guaranteed the obligations of Y.T. Cheng (Ching Tai) Limited ("Cheng Ltd."), a Hong Kong corporation in which each of the Debtors has a 37% ownership interest and is a director,[3] to China CITIC, a Hong Kong based full service commercial bank, under a facility letter dated May 31, 2013 (as supplemented and amended). In addition, pursuant to a Guarantee dated September 23, 2014, the Debtors personally guaranteed the obligations of Cheng Ltd. to The Hongkong and Shanghai Banking Corporation Limited ("HSBC"), one of the larger banks in Hong Kong.

After attempts at personal service of statutory demands on February 16, 2015 and February 25, 2015 to the Debtors, China CITIC served a statutory demand on each of the Debtors for payment of the amounts due under the Cheng Guarantee by publicly advertising the same in a Hong Kong newspaper (Hong Kong Commercial Daily) on March 4, 2015. The Debtors did not comply with the demand, apply to have the demand set aside, or respond to the demand. Thereafter, on April 17, 2015, China CITIC presented petitions (the "Hong Kong Bankruptcy Petitions"), pursuant to the Hong Kong Bankruptcy Ordinance (Cap 6) (the "Bankruptcy Ordinance"), for bankruptcy orders in respect of each of the Debtors.

On June 17, 2015, the Hong Kong Court issued the June 17 Orders granting the Hong Kong Bankruptcy Petitions declaring the Debtors to be bankrupt under the Bankruptcy Ordinance. On the same date, and in accordance with subsection 58(1) of the Bankruptcy Ordinance, the Debtors' assets, wherever located, vested in the Official Receiver and the Debtors ceased to have any rights to control or otherwise deal with their property. See Man Declaration ¶ 19.

Pursuant to Section 18 of the Bankruptcy Ordinance, an individual that is declared to be bankrupt is obligated to prepare and file a statement of its affairs setting forth a complete list of its creditors, debts, liabilities, and assets (the "Statement of Affairs"). See Man Declaration ¶ 29. The Debtors have not filed such a statement. Indeed, despite the Petitioners' best efforts to locate

---

[3] Cheng Soo Ching ("Soo Ching"), a suspected relative of the Debtors, holds the remaining 26% ownership interest in Cheng Ltd. Soo Ching was a director of Cheng Ltd. until July 2014. Soo Ching was also a co-owner (with the Debtors) of the property in Temecula, California described below.

the Debtors, the Petitioners have had no contact with the Debtors.[4]

On August 6, 2015, in accordance with the Bankruptcy Ordinance, a general meeting of creditors was held with respect to each of the Debtors at the Official Receiver's office in Hong Kong, at which meetings the August 6 Resolutions were passed appointing:

    (a)    The Petitioners as the joint and several Trustees of the property of the Debtors with immediate effect; and

    (b)    China CITIC and HSBC as members of the Creditors' Committee.

Consequently, on August 6, 2015, pursuant to section 58(2) of the Bankruptcy Ordinance, the Debtors' assets, which had previously vested in the Official Receiver, vested in the Petitioners. See Man Declaration ¶¶ 19, 21.

C.     The Trustee's Role and Their Investigation

Under the Bankruptcy Ordinance, the Petitioners, in their capacity as the joint and several Trustees of the Debtors, have a duty to identify, take control of and safeguard the Debtors' assets and the bankruptcy estates, including assets located outside of Hong Kong, and to investigate the Debtors' affairs. See Man Declaration ¶¶ 21-22. In addition, the Petitioners, with the permission of the Creditors' Committee, may, among other things, institute or defend any action or legal proceeding relating to the Debtors' property. See id. at ¶ 23. By the Authorizing Resolution, the Creditors' Committee, pursuant to sections 61(a) and 61(c) of the Bankruptcy Ordinance authorized the Petitioners to commence this Chapter 15 case.

The Petitioners, since their appointment as the Trustees of the Debtors, have faced significant challenges in administering the Debtors' estates and assets given the complete lack of communication and cooperation from the Debtors. Significantly, the Debtors have ignored their obligations under Hong Kong law, including the requirement to file the Statement of Affairs and to provide the Petitioners with other relevant information.[5] In addition, the Debtors have not

---

[4] In search of alternative addresses for and additional information regarding the Debtors, the Petitioners have contacted (i) the Hong Kong Immigration Department, (ii) W.S. Li &Co, former auditors of companies owned or operated by the Debtors, (iii) Aries Nominees Limited, former company secretaries for companies owned or operated by the Debtors, and (iv) the liquidators of Cheng Ltd. and Missha (HK) Limited, two companies owned or operated by the Debtors. The Petitioners' efforts have not been successful to date.

[5] The Debtors have, and continue to, violate Hong Kong law, which imposes on the Debtors various duties to, among other things, submit to examination, account for their property, complete their Statements of Affairs, and

DOCUMENT PREPARED
ON RECYCLED PAPER

23792614_3     - 7 -

responded to the Petitioners' numerous requests for information.[6] The Petitioners understand from Hong Kong Immigration Department records that the Debtors may have fled Hong Kong shortly before the commencement of the Hong Kong Proceedings, possibly to avoid potential litigation before the Hong Kong Court. The Debtors' whereabouts remain unknown.

Because of the lack of cooperation from and communication with the Debtors, the Petitioners retained the Mintz Group, a global investigation firm, to conduct an asset-tracing investigation to identify and locate the Debtors' assets for the benefit of the Debtors' estates and creditors. The Mintz Group's investigation focused on identifying any property owned by the Debtors, their spouses, children, or corporate vehicles in the United States. The preliminary results of the Mintz Group's investigation reflect that the Debtors directly own the following assets that could potentially be recovered and realized for the benefit of the Debtors' estates and creditors:[7]

(a)  The Debtors currently own two vacant lots adjacent to 44765 Via Pino in Temecula, California, which is a residence that may have previously been owned by the Debtors or their relatives;[8] and

(b)  Wai Tak owns at least 23 additional undeveloped parcels in the Country Club Heights development in Lake Elsinore, California.

The Petitioners are also aware that certain individuals in the United States, who may be

---

generally do all thing the Petitioners reasonably require the Debtors to do in aid of the administration of their estates. See Man Declaration ¶¶ 28-29. Indeed, the Debtors' failure to comply with the applicable statutory requirements may result in severe consequences for the Debtors. See id. at ¶¶ 28, 31, 37, 41.

[6] In addition to their attempts to contact the Debtors, the Petitioners have searched publicly available records, including property records, company registries, and immigration records, to obtain any relevant information that could assist them to discharge their duties to preserve and protect the Debtors' assets for the benefit of creditors.

[7] The Mintz Group also identified assets in which the Debtors may have an indirect interest. The Mintz Group's investigation remains ongoing and further investigation is needed to assist in the process, including discovery from the Debtors and other parties in the United States.

[8] Shortly after China CITIC filed the petitions that precipitated the Hong Kong Proceedings, the Petitioners understand that the Debtors granted power of attorney to Chan So Ling (a/k/a Cheng So Ling) ("So Ling"), who the Petitioners believe may be a sister or other close relative of the Debtors, and their wives to sell the vacant lots. Based upon property records, it appears that So Ling had quitclaimed those same vacant lots to the Debtors in 2008. Moreover, the residence at 44765 Via Pino, which is currently on the market for $1.6 million, was owned until 2013 by three individuals that the Petitioners believe may be related to the Debtors. The connection to the three relatives and the Debtors' ownership of the adjacent lots may be a part of a complicated series of intra-family transactions designed to hide the true ownership of the properties.

close relatives of the Debtors, may be in possession or in control of assets currently or previously belonging to the Debtors. In particular, the Petitioners understand that So Ling, who the Petitioners believe may be a relative of the Debtors, is holding a power of attorney to sell the vacant lots adjacent to 44675 Via Pino. The Petitioners have also identified certain questionable transactions, including the disposition of the residence at 44675 Via Pino, that may give rise to certain claims or causes of action that the Petitioners could pursue for the benefit of the Debtors' estates and creditors. As described in greater detail in the Motion for Order Limiting Notice, Scheduling Hearing, and Specifying the Form and Manner of Service of Notice (the "Scheduling Motion"), filed contemporaneously herewith, the Petitioners intend on serving copies of this Verified Petition on certain individuals to put them on notice of the Chapter 15 cases and the relief requested.

## IV.

## STATUTORY BASIS FOR RELIEF REQUESTED

The statutory predicates for the relief requested herein are sections 1507, 1515, 1517 and 1520 of the Bankruptcy Code.

Chapter 15 of the Bankruptcy Code was specifically designed to assist foreign representatives, such as the Petitioners, in the performance of their duties. One of the primary objectives of Chapter 15 is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. § 1501(a)(3).

The Petition satisfies all of the requirements set forth in section 1515 of the Bankruptcy Code. Moreover, the relief requested herein is necessary and is appropriate under Chapter 15 of the Bankruptcy Code. Granting recognition to the Hong Kong Proceedings and the relief requested is consistent with the goals of international cooperation and assistance to foreign courts, which are embodied in Chapter 15 of the Bankruptcy Code.

The relief sought herein is well within the scope of Chapter 15 and the criteria for recognition under Chapter 15 are satisfied under the facts of this case. Relief under Chapter 15 of the Bankruptcy Code is necessary to maximize the value to be distributed to all creditors and

parties in interest under the auspices of the Hong Kong Court in the Hong Kong Proceedings.

## V.
## RELIEF REQUESTED

The Petitioners, as the foreign representatives of the Debtors and the Hong Kong Proceedings, seek entry of the Proposed Order granting the following relief:

(a) recognition of the Hong Kong Proceedings as foreign main proceedings as defined in section 1502(4) of the Bankruptcy Code;

(b) all relief afforded a foreign main proceeding automatically upon recognition pursuant to section 1520 of the Bankruptcy Code;

(c) appropriate relief under section 1521 of the Bankruptcy Code, including (a) staying actions concerning or against any of Debtors' assets, (b) suspending the right to transfer, encumber or otherwise dispose of any of the Debtors' assets, and (c) entrusting the administration or realization of all of the Debtors' assets within the territorial jurisdiction of the United States to the Petitioners; and

(d) such other and further relief as this Court may deem just and proper.

The Petitioners believe that the Hong Kong Proceedings, with the assistance of this Court, offer the best means of administering the Debtors' assets and achieving a global, equitable resolution of the Debtors' liabilities.

Recognition of the Hong Kong Proceedings as foreign main proceedings under Chapter 15 is critical to achieving this goal for several reasons. First, the Petitioners are tasked with taking possession of and realizing the assets of the Debtors under Hong Kong law. See generally Man Declaration ¶¶ 21-27. However, due to the lack of cooperation from the Debtors, the Petitioners require this Court's assistance to discharge their duties and responsibilities. Absent this Court's assistance, there is a significant risk that the Petitioners will not be able to fully administer the Debtors' assets, to the detriment of all creditors. Moreover, without immediate relief, including the suspension of any transfers of the Debtors' property, the Debtors may improperly transfer assets in violation of Hong Kong law to the detriment of the Debtors' estates and creditors.

Second, the Debtors may have additional assets in the United States that will remain unknown to the Petitioners absent relief from this Court. Due to the lack of documents and information presently available to the Petitioners regarding the Debtors' assets, it is unclear whether, and to what extent, the Debtors have additional assets in the United States. Chapter 15 relief will allow the Petitioners to seek discovery that may be essential in determining whether such assets exist and whether it would be appropriate to commence recovery actions.

Third, if and when the Petitioners determine that the such recovery actions or other claims or causes of action should be pursued in the United States for the benefit of the Debtors' creditors, recognition of the Hong Kong Proceedings under Chapter 15 may be necessary to allow the Petitioners access to United States courts pursuant to section 1509(b) of the Bankruptcy Code.

Finally, Chapter 15 relief will enjoin any actions against, and restrict the transfer of, the Debtors' assets in the United States. If such actions are not stayed, the orderly liquidation of the Debtors' assets may be jeopardized and the Petitioners may be forced to expend resources unnecessarily (i) to defend actions to enforce claims against the Debtors' assets, or (ii) bring actions to enjoin the transfer of the Debtors' assets or to preserve the proceeds of such transfers for the benefit of all creditors and parties in interest. Based on the foregoing, the Petitioners have concluded that relief under Chapter 15 is appropriate and necessary to achieve the goals of the Hong Kong Proceedings and therefore commenced these cases.

## VI.

## PROVISIONAL RELIEF UNDER SECTION 1519

As described above, the Debtors have property in California. The Petitioners understand that the Debtors are currently marketing two vacant lots in California for sale without the Petitioners' consent in violation of Hong Kong law. These vacant lots, and possibly other undiscovered assets of the Debtors, may be transferred at any time and without notice to the Petitioners. In particular, the Petitioners understand that the Debtors may have granted certain relatives to sell the vacant lots. Moreover, the Petitioners are aware that the Debtors have previously transferred property by expeditious means, including interfamily sales and quitclaim deeds. Thus, relief is urgently needed to preserve the Debtors' assets for the benefit of their

creditors. Absent such relief, the Petitioners, creditors, and the Debtors' estates may be irreparably harmed by the Debtors' disposition or transfer of their assets. Consequently, in addition to the relief set forth herein, the Petitioners are, by separate application, seeking an order granting the following provisional relief:

(a)    staying execution against the Debtors' assets; and

(b)    suspending the rights of the Debtors and any other party to transfer, encumber, or otherwise dispose of any property of the Debtors in the United States.

## VII.

## OTHER FOREIGN PROCEEDINGS INVOLVING THE DEBTORS

Pursuant to section 1515 of the Bankruptcy Code, a Chapter 15 petition must "be accompanied by a statement identifying all foreign proceedings [as defined in the Bankruptcy Code] with respect to the debtor that are known to the foreign representative." See 11 U.S.C. § 1515(c).

Other than the Hong Kong Proceedings, the Petitioners are not aware of any other foreign proceedings pending involving the Debtors. The Petitioners will promptly inform this Court if they become aware of any such foreign proceedings, or if they commence a foreign proceeding in another jurisdiction to aid in the administration of the Debtors' assets.

## VIII.

## NOTICE

Pursuant to section 1517(c) of the Bankruptcy Code, a petition for recognition shall be decided at the "earliest possible time." By the Scheduling Motion, the Petitioners have requested, among other things, that this Court set the date for the hearing (the "Hearing") on recognition and relief at the earliest possible time after December 18, 2017.

As soon as the Hearing is scheduled, the Petitioners will cause a copy of the Chapter 15 form petition, this Petition and the Notice of Filing and Hearing on Petition under Chapter 15 of the United States Bankruptcy Code (the "Notice"), to be served upon: (a) the Debtors; (b) the Provisional Relief Parties (as defined in the Scheduling Motion); and (c) the U.S. Trustee. Further, the Petitioners will cause the Notice to be published in the San Diego Union-Tribune and

the San Diego Chinese Tribune.[9]

## IX.

## CONCLUSION

WHEREFORE, the Petitioners respectfully request that this Court grant the relief requested and such other and further relief as may be just and proper.

Dated: November 15, 2017

REBECCA J. WINTHROP
ROBIN BALL
ANDREW ROSENBLATT
FRANCISCO VASQUEZ
NORTON ROSE FULBRIGHT US LLP

By: _____
REBECCA J. WINTHROP
Attorneys for Petitioners Osman Mohammed Arab and Wong Kwok Keung, in their capacity as the joint and several Trustees of the property of Cheng Wai Hung and Cheng Wai Tak Terence, Debtors in Foreign Proceedings.

---

[9] Petitioners' counsel will provide copies of all other pleadings upon request. These pleadings include: (i) the Man Declaration; (ii) the Statement of Foreign Representative required pursuant to 11 U.S.C. § 1515; and (iii) the Memorandum of Law in Support of the Verified Petition.

DOCUMENT PREPARED ON RECYCLED PAPER

## VERIFICATION

I am one of the joint and several Trustees of the property of Cheng Wai Hung and Cheng Wai Tak Terence, and have been appointed as such by the Court of First Instance of the High Court of the Hong Kong Special Administrative Region under the laws of Hong Kong. I have the full authority to verify the foregoing *Verified Petition for Recognition of Foreign Proceedings and Related Relief* (the "Petition for Recognition") on behalf of both Trustees of the property of Cheng Wai Hung and Cheng Wai Tak Terence.

I have read the Petition for Recognition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15 day of November, 2017 in HONG KONG.

_____
OSMAN MOHAMMED ARAB
as Joint and Several Trustee of the property of
Cheng Wai Hung and Cheng Wai Tak Terence,
Debtors in Foreign Proceedings.

DOCUMENT PREPARED
ON RECYCLED PAPER