REBECCA J. WINTHROP (CA BAR NO. 116386)
ROBIN BALL (CA BAR NO. 15698)
ANDREW ROSENBLATT (*pro hac vice pending*)
FRANCISCO VAZQUEZ (*pro hac vice pending*)
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:     (213) 892-9200
Facsimile:      (213) 892-9494
rebecca.winthrop@nortonrosefulbright.com
robin.ball@nortonrosefulbright.com
andrew.rosenblatt@nortonrosefulbright.com
francisco.vazquez@nortonrosefulbright.com

Attorneys for Petitioners OSMAN MOHAMMED
ARAB and WONG KWOK KEUNG, in their capacity
as the Joint and Several Trustees of the property of
Cheng Wai Hung and Cheng Wai Tak Terence,
Debtors in Foreign Proceedings

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Cheng Wai Hung,<br><br>           Debtor in a Foreign Proceeding. | Case No. _____<br><br>Chapter 15 |
| In re:<br><br>Cheng Wai Tak Terence,<br><br>           Debtor in a Foreign Proceeding. | Case No. _____<br><br>Chapter 15<br><br>**PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITION FOR RECOGNITION OF FOREIGN PROCEEDINGS AND RELATED RELIEF** |

PLEASE TAKE NOTICE that OSMAN MOHAMMED ARAB and WONG KWOK KEUNG, in their capacity as the joint and several Trustees (together, the "Petitioners") of the property of Cheng Wai Hung ("Wai Hung") and Cheng Wai Tak Terence ("Wai Tak," together with Wai Hung, the "Debtors"), debtors in bankruptcy proceedings pending before the Court of First Instance of the High Court of the Hong Kong Special Administrative Region (the "Hong Kong Court") under the laws of Hong Kong, and as duly authorized foreign representatives, as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), by and through their United States counsel, Norton Rose Fulbright US LLP, respectfully submit this *Memorandum of Law in Support of Verified Petition Seeking Recognition of Foreign Proceedings and Related Relief*.

Dated: November 15, 2017

REBECCA J. WINTHROP
ROBIN BALL
ANDREW ROSENBLATT
FRANCISCO VAZQUEZ
NORTON ROSE FULBRIGHT US LLP


By */s/ Rebecca J. Winthrop*
REBECCA J. WINTHROP

DOCUMENT PREPARED
ON RECYCLED PAPER

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................3

I. PRELIMINARY STATEMENT .................................................................8

II. FACTS ...................................................................................................10

III. JURISDICTION AND VENUE ..............................................................11

IV. ARGUMENT ........................................................................................11

    A.    The Debtors Are Eligible for Relief Under Chapter 15 of the Bankruptcy Code ........................................................................................................11

    B.    This Case is Proper Under Chapter 15 ...............................................12

        1.    The Hong Kong Proceedings are Foreign Proceedings ...........12

            (a)    Each of the Hong Kong Proceedings is a "Proceeding" ...............13

            (b)    Each of the Hong Kong Proceedings is Judicial in Character .......13

            (c)    Each of the Hong Kong Proceedings is Collective in Nature ........13

            (d)    The Hong Kong Proceedings Are Pending in a Foreign County ...........................................................................................14

            (e)    The Hong Kong Proceedings Are Occurring Under a Law Relating to Insolvency or Adjustment of Debt .............................14

            (f)    The Hong Kong Proceedings Subject the Debtors' Assets and Affairs to a Foreign Court's Control or Supervision .............15

            (g)    The Hong Kong Proceedings Are for the Purpose of Liquidation ..................................................................................15

        2.    This Case was Commenced by the Debtors' Foreign Representatives ......................................................................15

        3.    These Chapter 15 Cases Were Properly Commenced ..............16

    C.    The Hong Kong Proceedings Are Foreign Main Proceedings ...............17

    D.    The Requested Relief Should be Granted ............................................18

        1.    The Petitioners are Entitled to Relief Under Section 1520 .......19

        2.    The Petitioners are Entitled to the Relief Requested Under Section 1521 .........................................................................20

    E.    Recognition of the Hong Kong Proceedings Would Not be Manifestly Contrary to the Public Policy of the United States .............................23

1

V. CONCLUSION.................................................................................................................24

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

23792513.1

## TABLE OF AUTHORITIES

Page(s)

**Cases**

In re ABC Learning Centres, Ltd.,
   728 F.3d 301 (3d Cir. 2013) ................................................................................. 13

In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.,
   374 B.R. 122 (Bankr. S.D.N.Y. 2007), aff'd, 389 B.R. 325 (S.D.N.Y. 2008) ........................ 16

In re Bemarmara Consulting a.s.,
   Case No. 13-13037 (KG), Docket No. 38 (Bankr. D. Del. Dec. 17, 2013) ............................ 11

In re Betcorp Ltd.,
   400 B.R. 266 (Bankr. D. Nev. 2009) ........................................................................ 13

In re Bradley,
   38 B.R. 425 (Bankr. C.D. Cal. 1984) ....................................................................... 22

In re Britannia Bulk PLC,
   No. 08-14543 (Bankr. S.D.N.Y. December 12, 2008) ................................................. 16

In re Chiang,
   437 B.R. 397 (Bankr. C.D. Calif. 2010) ................................................... 11, 17, 18, 19

In re Comercial V.H., S.A. de C.V.,
   2012 Bankr. LEXIS 4252, 2012 WL 4051882 (Bankr. D. Ariz. Sept. 13, 2010) ................... 23

Cunard Steamship Co. Ltd. v. Salen Reefer Services A.B.,
   773 F.2d 452 (2d Cir. 1985) ................................................................................. 22

Dorroh v. Wurst (In re Warren),
   2011 Bankr. LEXIS 1494, 2011 WL 3299819 (B.A.P. 9th Cir. Mar. 15, 2011) ..................... 22

Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet),
   737 F.3d 238 (2d Cir. 2013) ................................................................................. 11

In re Fairfield Sentry,
   714 F.3d 127 (2013) ......................................................................................... 23

Fidelity Mortg. Investors v. Camelia Builders, Inc.,
   550 F.2d 47 (2d Cir. 1976), cert. denied, 429 U.S. 1093, and reh'g denied, 430
   U.S. 976 (1977) ................................................................................................ 22

Iida v. Kitahara (In re Iida),
   377 B.R. 243 (9th Cir. B.A.P.. 2007) ..................................................................... 16

In re Lee,
   472 B.R. 156 (Bankr. D. Mass. 2012) .................................................................... 12

In re Luu,
   No: 2:14-bk-14085-RK (C.D. Calif. April 18, 2014) ...................................... 11, 12, 16

DOCUMENT PREPARED
ON RECYCLED PAPER

In re Mac Donald,
    755 F.2d 715 (9th Cir. 1985) ................................................................22

In re OAS S.A.,
    533 B.R. 83 (Bankr. S.D.N.Y. 2015) .....................................................23

In re Pro-Fit Holdings Ltd.,
    391 B.R. 850 (Bankr. C.D. Cal. 2008) ...................................................17

In re Ran,
    607 F.3d 1017 (5th Cir. 2010) ...............................................................23

In re Rede Energia S.A.,
    515 B.R. ..................................................................................................19

Small v. Avanti Health Sys., LLC,
    661 F.3d 1180 (9th Cir. 2011) ...............................................................20

In re SPhinX, Ltd.,
    351 B.R. 103 (Bankr. S.D.N.Y. 2006), aff'd, Krys v. Official Comm. of
    Unsecured Creditors of Refco, Inc. (In re SPhinX, Ltd.), 371 B.R. 10
    (S.D.N.Y. 2007)......................................................................................16

**Rules and Statutes**

11 U.S.C. § 101(23) .........................................................................................13

11 U.S.C. § 101(24) ...................................................................................15, 16

11 U.S.C. § 105 ................................................................................................11

11 U.S.C. § 109 ................................................................................................11

11 U.S.C. § 109(a) .....................................................................................11, 12

11 U.S.C. § 109(e) ...........................................................................................11

11 U.S.C. § 361 ................................................................................................19

11 U.S.C. § 362 ........................................................................................19, 22

11 U.S.C. § 1501 .......................................................................................23, 24

11 U.S.C. § 1501(b)(l) .....................................................................................12

11 U.S.C. § 1501(c)(2) .....................................................................................11

11 U.S.C. § 1502(4) .........................................................................................17

11 U.S.C. § 1504 .......................................................................................11, 16

11 U.S.C. § 1506 ..............................................................................................23

11 U.S.C. § 1507 ..............................................................................................19

DOCUMENT PREPARED
ON RECYCLED PAPER

11 U.S.C. § 1509 ...................................................................................................... 11, 16

11 U.S.C. § 1515 ................................................................................................ 10, 11, 17

11 U.S.C. § 1515(b) ..................................................................................................... 16

11 U.S.C. § 1515(c) ..................................................................................................... 16

11 U.S.C. § 1516 .......................................................................................................... 11

11 U.S.C. § 1516(c) ..................................................................................................... 17

11 U.S.C. § 1517 .......................................................................................................... 11

11 U.S.C. § 1517(b)(l) ................................................................................................. 17

11 U.S.C. § 1520 ................................................................................................ 11, 19, 20

11 U.S.C. § 1520(a)(l) ............................................................................................. 19, 20

11 U.S.C. § 1521 ............................................................................... 10, 11, 19, 20, 21, 22

11 U.S.C. § 1521(a) ..................................................................................................... 20

11 U.S.C. § 1521(e) ..................................................................................................... 20

28 U.S.C. § 157 ............................................................................................................ 11

28 U.S.C. § 157(b)(2)(P) .............................................................................................. 11

28 U.S.C. § 1334 .......................................................................................................... 11

28 U.S.C. § 1410(1) ...................................................................................................... 11

Hong Kong Bankruptcy Ordinance § 61(a) .................................................................. 16

Hong Kong Bankruptcy Ordinance § 61(c) ............................................................. 15, 16

UNCITRAL Model Law on Cross Border Insolvency ................................................... 23

**Other Authorities**

8 COLLIER ON BANKRUPTCY ¶ 1501.03[1], 1501-7 (16th ed. Rev. 2009) ...................... 14

H.R. REP. 109-31 pt. 1 (2005) ...................................................................................... 23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## **PRELIMINARY STATEMENT**

The Petitioners, as foreign representatives of the Debtors, commenced these Chapter 15 cases by filing the Form Chapter 15 Petitions with respect to each of the Debtors (the "Form Petitions") and the *Verified Petition Seeking Recognition of Foreign Proceedings and Related Relief* (the "Verified Petition," together with the Form Petitions, the "Petition") contemporaneously with, and accompanied by, all certifications, statements, lists and documents required under Chapter 15 and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). As set forth in (i) the Verified Petition, and (ii) the *Declaration of Lewis Shang Chu Man*, Hong Kong legal counsel to the Petitioners, dated November [•], 2017 (the "Man Declaration"):

      (a)    a foreign proceeding with respect to each of the Debtors was duly commenced in Hong Kong;

      (b)    each of the Debtors is a legal resident of Hong Kong and has his center of main interests in Hong Kong;

      (c)    the Petitioners are duly authorized to serve as foreign representatives and to petition for relief under Chapter 15 of the Bankruptcy Code in connection with the Hong Kong Proceedings; and

      (d)    the Petitioners are entitled to the relief requested.

By the Petition, the Petitioners seek recognition of each of the Debtors' bankruptcy proceedings (together, the "Hong Kong Proceedings") pending before the Hong Kong Court.

On June 17, 2015, the Hong Kong Court issued orders (the "June 17 Orders"), copies of which are attached to the Verified Petition as Exhibit "A," declaring the Debtors to be bankrupt and appointing the Official Receiver of Hong Kong (the "Official Receiver") as the provisional trustee of the Debtors. Thereafter, at a general meeting of creditors of each of the Debtors held on August 6, 2015, resolutions were passed, copies of which are attached to the Verified Petition as Exhibit "B," appointing the Petitioners as the joint and several Trustees of the property of the Debtors "with immediate effect" (the "August 6 Resolutions"). In addition, pursuant to the

August 6 Resolutions, a creditors' committee was formed in each of the Hong Kong Proceedings (together, the "Creditors' Committee").

In their role as trustees, the Petitioners are responsible for, among other things, (i) identifying, taking control of and safeguarding the Debtors' assets and bankruptcy estates, including assets located outside of Hong Kong, (ii) investigating the Debtors' affairs, and (iii) pursuing claims for the benefit of the Debtors' creditors and estates, including avoidance claims.  Pursuant to a resolution dated March 22, 2017 approved by the Creditors' Committee, a copy of which is attached as Exhibit "C" to the Verified Petition (the "Authorizing Resolution"), the Petitioners have been authorized to file the Petition and commence these Chapter 15 cases.

As discussed in greater detail in the Verified Petition, the Debtors have not cooperated with the Petitioners or provided them with any information as required under Hong Kong law following the Hong Kong Court's entry of the June 17 Orders.  In addition, the Petitioners understand that the Debtors, who have not been in contact with the Petitioners, may have fled Hong Kong shortly before the filing of the petitions that precipitated the Hong Kong Proceedings, possibly to avoid the Hong Kong Court's jurisdiction.  Consequently, the Petitioners currently possess incomplete information regarding the Debtors' finances, including the scope and location of their assets.

In furtherance of their duties, the Petitioners have undertaken an extensive investigation to locate the Debtors' assets in Hong Kong and throughout the world.  As a result of their efforts, the Petitioners have discovered that the Debtors have assets in California and may have additional assets in the United States.  In addition, the Petitioners are aware that the Debtors have previously transferred property by expeditious means, including interfamily sales and quitclaim deeds.  The Petitioners are therefore concerned that the Debtors will transfer the assets in California and elsewhere without the Petitioners' consent in violation of Hong Kong law and to the detriment of the Debtors' creditors.  Indeed, it appears that the Debtors may have transferred or concealed their California assets by placing them in the names of, or in the control of, companies they own or control or other family members after the filing of the Hong Kong Proceedings.

1    By the Petition, the Petitioners seek an order granting recognition of the Hong Kong

2   Proceedings, substantially in the form of the proposed Order Granting Recognition of a Foreign

3   Main Proceeding attached to the Verified Petition as Exhibit "D" (the "<u>Proposed Order</u>").

4   Recognition of the Hong Kong Proceedings will (i) protect the Debtors' assets and ensure that

5   they are administered under the auspices of the Hong Kong Court in the Hong Kong Proceedings

6   for the benefit of all of the Debtors' creditors, and (ii) provide the Petitioners with an opportunity

7   to seek discovery in order to determine whether, and to what extent, the Debtors have additional

8   assets and whether the Petitioners have claims that should be pursued in the United States or

9   elsewhere.[1]

10    The Petition satisfies all of the requirements set forth in section 1515 of the Bankruptcy

11   Code.  Moreover, the relief requested by the Petitioners is well within the scope of Chapter 15 of

12   the Bankruptcy Code, which authorizes this Court to (i) recognize a "foreign proceeding" upon

13   the proper commencement of a case under Chapter 15 by a "foreign representative" and (ii) grant

14   assistance in the United States to such foreign representative in connection with the foreign

15   proceeding.

16    Based on the foregoing and the reasons described herein and in the Verified Petition, the

17   Petitioners are entitled to an order granting recognition to the Hong Kong Proceedings under

18   Chapter 15 of the Bankruptcy Code.

19                                             **II.**

20                                           **<u>FACTS</u>**

21    For the Court's convenience, the facts relevant to the Verified Petition and the relief

22   requested therein are summarized above in the "Preliminary Statement"; for a full recitation of

23   the relevant facts, however, the Court is respectfully referred to the Verified Petition,[2] which

24   contains the relevant facts, all of which are incorporated herein by reference.

25

26   _____

27   [1]    Upon recognition of the Hong Kong Proceedings, the Petitioners anticipate that they will seek discovery from
     parties in the United States under section 1521 of the Bankruptcy Code.

28   [2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Verified
     Petition.

Document Prepared
on Recycled Paper

**III.**

**JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and § 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

Venue is proper in this District pursuant to 28 U.S.C. § 1410(1).

The statutory predicates for the relief requested herein are sections 105, 1504, 1509, 1515, 1516, 1517, 1520 and 1521 of the Bankruptcy Code.

**IV.**

**ARGUMENT**

A.    **The Debtors Are Eligible for Relief Under Chapter 15 of the Bankruptcy Code**

An individual may be a debtor in a Chapter 15 case.  See, e.g., In re Chiang, 437 B.R. 397 (Bankr. C.D. Calif. 2010) (recognizing Canadian proceeding of individual debtor); see also In re Luu, No:2:14-bk-14085-RK (C.D. Calif. April 18, 2014) (recognizing Hong Kong bankruptcy of individual debtor).  Section 1501(c)(2) of the Bankruptcy Code, however, provides that Chapter 15 does not apply to a citizen of or an alien lawfully admitted for permanent residence in the United States who has debts within the limits set forth in section 109(e) of the Bankruptcy Code. As set forth in the Verified Petition, each of the Debtors have unsecured debts of at least US $22 million, well in excess of the debt limits set forth in section 109(e).  See Verified Petition p. 5. Consequently, section 1501(c)(2) does not preclude a Chapter 15 case with respect to the Debtors.[3]

Moreover, each of the Debtors is eligible to be a debtor under section 109(a) of the Bankruptcy Code because he has property in the United States.  See Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet), 737 F.3d 238, 247 (2d Cir. 2013) ("Section 109 . . . applies 'in a case under chapter 15.'"); but see In re Bemarmara Consulting a.s., Case No. 13-13037 (KG), Docket No. 38 (Bankr. D. Del. Dec. 17, 2013) (holding that Bankruptcy Code section 109(a) does not apply to foreign representatives filing Chapter 15 petitions).  Section

---

[3]    In addition, section 1501(c) would not preclude the Chapter 15 filings should the Debtors not be citizens or permanent residents of the United States.  The Petitioners, however, lack information or knowledge as to the Debtors' current status in the United States.

DOCUMENT PREPARED
ON RECYCLED PAPER

109(a) states, in relevant part, that "only a person that resides or has a domicile, a place of business, or property in the United States . . . may be a debtor under this title."  11 U.S.C. § 109(a).  As set forth in the Verified Petition, the Debtors currently own two vacant lots adjacent to 44765 Via Pino in Temecula, California, which is a residence that may have previously been owned by the Debtors or their relatives.[4]  See Verified Petition p. 8.  In addition, Wai Tak owns at least 23 additional undeveloped parcels in the Country Club Heights development in Lake Elsinore, California.  See id. at p. 5.  Therefore, each of the Debtors satisfies the requirements of section 109(a).

**B.    This Case is Proper Under Chapter 15**

Chapter 15 of the Bankruptcy Code applies where assistance is sought in the United States by a foreign representative in connection with a foreign proceeding.  See 11 U.S.C. § 1501(b)(l).  These Chapter 15 cases were commenced for the purpose of obtaining the assistance of this Court to ensure the effective and economical administration of the Debtors' estates and assets through the Hong Kong Proceedings.

1.    The Hong Kong Proceedings are Foreign Proceedings

A bankruptcy under the Hong Kong Bankruptcy Ordinance (Cap 6) (the "Bankruptcy Ordinance") is a foreign proceeding entitled to recognition under Chapter 15 of the Bankruptcy Code.  Indeed, this Court has previously granted recognition to a Hong Kong bankruptcy under Chapter 15.  In re Luu, No:2:14-bk-14085-RK (C.D. Calif. April 9, 2014) (recognizing Hong Kong bankruptcy of individual debtor); see also In re Lee, 472 B.R. 156, 169 (Bankr. D. Mass. 2012) (recognizing bankruptcy proceedings under the Bankruptcy Ordinance).

As discussed in greater detail below, each of the Hong Kong Proceedings is a foreign proceeding because it satisfies all seven requirements of section 101(23) of the

---

[4]    In May 2015, shortly after China CITIC filed the bankruptcy petitions that precipitated the Hong Kong Proceedings, the Petitioners understand that the Debtors granted power of attorney to Chan So Ling (a/k/a Cheng So Ling) ("So Ling"), who the Petitioners believe may be a sister or other close relative of the Debtors, and their wives, to sell the vacant lots.  Based upon property records, it appears that So Ling had quitclaimed those same vacant lots to the Debtors in 2008.  Moreover, the residence at 44765 Via Pino, which is currently on the market for $1.6 million, was owned until 2013 by three individuals that the Petitioners believe may be related to the Debtors.  The connection to the three relatives and the Debtors' ownership of the adjacent lots may be a part of a complicated series of intra-family transactions designed to hide the true ownership of the properties.

Bankruptcy Code.  See In re ABC Learning Centres, Ltd., 728 F.3d 301, 308 (3d Cir. 2013) (holding that the definition of foreign proceeding contains seven elements); see also In re Betcorp Ltd., 400 B.R. 266, 277 (Bankr. D. Nev. 2009) (same).

(a)      Each of the Hong Kong Proceedings is a "Proceeding"

For the purpose of Chapter 15 recognition, "the hallmark of a 'proceeding' is a statutory framework that constrains a company's actions and that regulates the final distribution of a company's assets." In re Betcorp, 400 B.R. at 278.  Here, the relevant statutory framework is provided by the Bankruptcy Ordinance.  As described in the Declaration of Lewis Shang Chu Man filed concurrently herewith (the "Man Declaration"), the Bankruptcy Ordinance governs the process for administering a debtor's assets for the benefit of the debtor's estate and creditors and providing the debtor with a "fresh start."  See Man Declaration ¶7.  Because the Hong Kong Proceedings are operating under a statutory framework (i.e., the Bankruptcy Ordinance), they are proceedings.

(b)      Each of the Hong Kong Proceedings is Judicial in Character

As described in the Man Declaration, the Hong Kong Court exercises significant oversight in the Hong Kong Proceedings and is instrumental in the administration of the Debtors' estates.  See Man Declaration ¶¶9, 13, 15, 21.  Indeed, it is only after the Hong Kong Court issues an order finding a debtor to be bankrupt that a trustee is appointed to administer the assets.  See id. at ¶¶19-20.  Moreover, a trustee is subject to the supervision and control of the Hong Kong Court.  In particular, the trustee may apply to the Hong Kong Court for directions in relation to any particular matter arising in a bankruptcy case.  See id. at ¶21.  In addition, the Hong Kong Court may order the trustee to repay, restore or account for money or other property for the benefit of the estate.  See id.  The Hong Kong Proceedings thus have a fundamentally judicial character.

(c)      Each of the Hong Kong Proceedings is Collective in Nature

"A collective proceeding is one that considers the rights and obligations of all creditors." Betcorp, 400 B.R. at 281); see also ABC Learning Centres, 445 B.R. at 328 (same).  "The 'collective proceeding' requirement is intended to limit access to Chapter 15 to proceedings

1    which benefit creditors generally and to exclude proceedings which are for the benefit of a single

2    creditor." 8 COLLIER ON BANKRUPTCY ¶ 1501.03[1], 1501-7 (16th ed. Rev. 2009).  A bankruptcy

3    under the Bankruptcy Ordinance is collective because it benefits creditors generally.    As

4    described in the Man Declaration, after the deduction of the trustee's fees and expenses incurred

5    in preserving, realizing, collecting and safeguarding the debtor's assets, the trustee will distribute

6    any remaining funds (i) first, to preferential creditors identified in the Bankruptcy Ordinance

7    (e.g., certain debts due to employees, or the government), (ii) second, to creditors secured by a

8    floating charge, and (iii) third, to general unsecured creditors.  See Man Declaration ¶¶24-25.

9    Moreover, a trustee in a Hong Kong bankruptcy may avoid certain transactions that would benefit

10   a creditor to the detriment of other creditors.  See Man Declaration ¶23.  Therefore, the Hong

11   Kong Proceedings are collective in nature.  See Man Declaration ¶9 ("Bankruptcy in Hong Kong

12   is a collective process for identifying and realizing the assets of an individual").

13          (d)      Each of the Hong Kong Proceedings Is Pending in a Foreign County

14          The Hong Kong Court, which adjudged the Debtors to be bankrupt and

15   appointed the Petitioners as the joint and several Trustees of the Debtors, is located in Hong

16   Kong, a special administrative region of the People's Republic of China.  See Man Declaration

17   ¶6.  Likewise, the Petitioners themselves are located in Hong Kong and are administering the

18   Debtors' estates and assets under the supervision of the Hong Kong Court and the auspices of

19   Hong Kong law.

20          (e)      Each of the Hong Kong Proceedings Is ccurring Under
                     a Law Relating to Insolvency or Adjustment of Debt
21

22          The Hong Kong Proceedings were commenced under the Bankruptcy

23   Ordinance, which provides for a formal procedure to address an individual's inability to pay his

24   or her debts.  See Man Declaration ¶13.  The principal objectives of a bankruptcy case under the

25   Bankruptcy Ordinance are (a) to collect and liquidate the Debtors' assets for the benefit of all of

26   the Debtors' creditors, and (b) to investigate causes of action that could be pursued for the benefit

27   of the Debtors' creditors.  See Man Declaration ¶¶8-9, 21-23.  It is akin to a case under Chapter 7

28   of the Bankruptcy Code.    See id. at ¶18.    As an alternative to bankruptcy, the Bankruptcy

1    Ordinance permits an individual in Hong Kong to make a repayment proposal, known as an

2    "Individual Voluntary Arrangement" to creditors, which, if approved by the creditors and the

3    court, will be binding on all creditors.   See Man Declaration ¶¶14-15.   Consequently, the

4    Bankruptcy Ordinance is a law relating to insolvency or the adjustment of debt.

5            (f)      Each of the Hong Kong Proceedings Is Subject the Debtors' Assets
             and Affairs to a Foreign Court's Control or Supervision

6

7                    The Hong Kong Proceedings subject the Debtors' assets and affairs to a

8    foreign court's control or supervision.   In accordance with the June 17 Orders and the Bankruptcy

9    Ordinance, the Debtors' assets have vested in the Petitioners, who are subject to the Hong Kong

10   Court's supervision.   See Man Declaration ¶¶9, 19, 21.   Moreover, upon the issuance of the June

11   17 Orders, the Bankruptcy Ordinance imposed a broad stay against the Debtor's assets and

12   creditors are prohibited from exercising or enforcing any remedy against the Debtors or their

13   assets without leave from the Hong Kong Court.   See Man Declaration ¶13.

14           (g)      Each of the Hong Kong Proceedings Is for the Purpose of Liquidation

15                   A Hong Kong bankruptcy is a collective process for identifying and

16   realizing the assets of an individual, discharging its debts and liabilities and distributing the

17   balance, if any, among all of the creditors and other stakeholders.   It provides for the orderly

18   liquidation of a debtor's assets under the supervision of the Hong Kong Court and an individual

19   with a potential for a "fresh start."   See Man Declaration ¶¶7-9.   The ultimate purpose of the

20   Hong Kong Proceedings is clearly to liquidate and administer the Debtors' assets for the benefit

21   of their creditors.

22           2.       This Case was Commenced by the Debtors' Foreign Representatives

23                   These Chapter 15 cases were commenced by duly appointed and authorized

24   "foreign representatives" within the meaning of section 101(24) of the Bankruptcy Code.   That

25   section provides as follows:

26                        The term "foreign representative" means a person or body,
                          including a person or body appointed on an interim basis,
27                        authorized in a foreign proceeding to administer the reorganization
                          or the liquidation of the debtor's assets or affairs or to act as a
28                        representative of such foreign proceeding.

1  11 U.S.C. § 101(24).

2         Given that a foreign proceeding must be for the purpose of "reorganization

3  or liquidation," it is axiomatic that persons appointed specifically to administer the liquidation of

4  individuals would be recognized as foreign representatives.[5]  Indeed, this Court previously

5  recognized Osman Mohammed Arab, one of the Petitioners, in his capacity as trustee of the

6  property of another individual that was adjudged to be bankrupt in Hong Kong, as a foreign

7  representative within the meaning of section 101(24) of the Bankruptcy Code. In re Luu,

8  No: 2:14-bk-14085-RK (C.D. Calif. April 18, 2014).

9         Under the Bankruptcy Ordinance, a trustee (or the Official Receiver if a

10  trustee is not appointed) is entrusted with administering a debtor's estate and distributing assets,

11  wherever located, to all creditors and other stakeholders. See Man Declaration ¶¶8, 19, 21.  In the

12  Hong Kong Proceedings, the Hong Kong Court issued the June 17 Orders adjudging the Debtors

13  to be "bankrupt" under the Bankruptcy Ordinance.  Thereafter, at a general meeting of creditors

14  of each of the Debtors, the  August 6 Resolutions were passed, (i) appointing the Petitioners as

15  the joint and several Trustees of the property of the Debtors, and (ii) appointing the Creditors'

16  Committee in each of the Hong Kong Proceedings.  By the Authorizing Resolution, the Creditors'

17  Committee, pursuant to sections 61(a) and 61(c) of the Bankruptcy Ordinance, authorized the

18  Petitioners to commence these Chapter 15 cases.

19         Based on the evidence submitted on behalf of the Petitioners, including the

20  Man Declaration and the Verified Petition, the Petitioners are duly authorized to jointly act as the

21  Debtors' foreign representatives, as defined under section 101(24), in these Chapter 15 cases.

22      3.    These Chapter 15 Cases Were Properly Commenced

23         These Chapter 15 cases were duly and properly commenced, as required by

24  sections 1504 and 1509 of the Bankruptcy Code, by the filing of the Verified Petition,

25

26  [5]  See, e.g., Iida v. Kitahara (In re Iida), 377 B.R. 243, 247 (9th Cir. B.A.P.. 2007); In re SPhinX, Ltd., 351 B.R.
103 (Bankr. S.D.N.Y. 2006), aff'd, Krys v. Official Comm. of Unsecured Creditors of Refco, Inc. (In re SPhinX,
27  Ltd.), 371 B.R. 10 (S.D.N.Y. 2007) (recognizing joint liquidators in a voluntary winding-up under Cayman
Island law as foreign representatives); In re Britannia Bulk PLC, No. 08-14543 (Bankr. S.D.N.Y. December 12,
28  2008) (recognizing liquidators who were appointed pursuant to the laws of England and Wales, and who were
originally appointed as administrators, as foreign representatives).

1  accompanied by all documents and information required by sections 1515(b) and (c).  See In re

2  Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd., 374 B.R. 122, 127

3  (Bankr. S.D.N.Y. 2007), aff'd, 389 B.R. 325 (S.D.N.Y. 2008) ("A case under chapter 15 is

4  commenced by a foreign representative filing a petition for recognition of a foreign proceeding

5  under section 1515 of the Bankruptcy Code."); In re Pro-Fit Holdings Ltd., 391 B.R. 850, 855 n.4

6  (Bankr. C.D. Cal. 2008) ("A case under [Chapter 15] is commenced by the filing of a petition for

7  recognition of a foreign proceeding under section 1515.").  The Petitioners properly commenced

8  these Chapter 15 cases because the Petition satisfies the requirements set forth in section 1515 of

9  the Bankruptcy Code.

10  **C.    The Hong Kong Proceedings Are Foreign Main Proceedings**

11      This Court should recognize each of the Hong Kong Proceedings as a "foreign main

12  proceeding" as defined in section 1502(4) of the Bankruptcy Code.  A foreign proceeding must be

13  recognized as a "foreign main proceeding" if it is pending in the country where the debtor has the

14  center of its main interests ("COMI").  See 11 U.S.C. § 1517(b)(l).  Each of the Debtors' COMI

15  has, at all relevant times, been located in Hong Kong, where the Hong Kong Proceedings are

16  pending.

17      An individual's COMI is presumed to be wherever its "habitual residence" is located.  See

18  11 U.S.C. § 1516(c); see also In re Chiang, 437 B.R. at 404.  As this Court has previously noted,

19  habitual residence is not defined by the Bankruptcy Code.  Id. In determining that an individual

20  debtor's COMI was Canada, this Court noted, among other things, that (i) the debtor had

21  permanent legal status in Canada, (ii) the debtor had assets in Canada, (iii) the debtor's wife

22  resided in Canada, and (iv) the debtor's family had strong personal ties to Canada.  See id.

23      In this instance, the Debtors are brothers who were born in Hong Kong.  Each of the

24  Debtors is a legal resident of Hong Kong and holds a Hong Kong Identity Card.  Although their

25  whereabouts are currently unknown, the Debtors' primary residence was in Hong Kong until

26  immediately before the commencement of the Hong Kong Proceedings.  The Debtors also have

27  significant ownership interests in several companies incorporated in Hong Kong.  Moreover, the

28

1    majority, if not all, of the Debtors' creditors appear to be located in Hong Kong.  See Verified

2    Petition p. 5.

3        In addition to their financial connections to Hong Kong, the Debtors appear to have

4    significant personal and social connections there.  For example, based upon the preliminary

5    results of an asset-tracing investigation (described in more detail in the Verified Petition), the

6    Petitioners believe that Wai Tak's wife frequently volunteers at a church in Hong Kong and is

7    involved in the production of a musical play in Hong Kong.  Moreover, Wai Tak may still be a

8    member of the Zhaoqing Friends Syndicate that currently owns racing horses in Hong Kong.  See

9    id.

10       Further, the Debtors have been in bankruptcy for approximately two years in Hong Kong

11   where the Petitioners have been administering the Debtors' assets for the benefit of the Debtors'

12   estates and creditors.  See Verified Petition p. 6.  In accordance with the Bankruptcy Ordinance,

13   all of the Debtors' assets are vested with the Petitioners, who are located in Hong Kong, under the

14   oversight and supervision of the Hong Kong Court, which is also located in Hong Kong.

15   Moreover, the Hong Kong Proceedings were commenced at the request of a creditor and creditors

16   have participated in the Hong Kong Proceedings by filing claims there.  Hong Kong thus "has the

17   greatest interest in the status of the [Debtors] and in the outcome of the insolvency case."  See In

18   re Chiang, 437 B.R. at 403.

19       Based on all of these factors, Hong Kong is the only jurisdiction that is readily

20   ascertainable by third parties, such as creditors, as each of the Debtors' COMI.  See In re Chiang,

21   437 B.R. at 403 (noting that "the location of the CoMI is an objective determination based on the

22   viewpoint of third parties (usually creditors)").   Because the evidence establishes that the

23   Debtors' COMI is located in Hong Kong, each of the Hong Kong Proceedings should be

24   recognized as a foreign main proceeding.

25   **D.     The Requested Relief Should be Granted**

26       All of the relief sought by the Verified Petition, including (a) staying actions concerning

27   or against any of Debtors' assets, (b) suspending the right to transfer, encumber or otherwise

28   dispose of any of the Debtors' assets, and (c) entrusting the administration or realization of all of

the Debtors' assets within the territorial jurisdiction of the United States to the Petitioners, is available and should be granted.  As set forth below, certain of the requested relief is automatically available under section 1520 of the Bankruptcy Code, which provides for certain automatic relief upon recognition of a foreign main proceeding.  See 11 U.S.C. § 1520.[6]  Other portions of the requested relief are available under section 1521 of the Bankruptcy Code, which provides this Court with discretion to grant additional relief upon recognition of a foreign proceeding.  See 11 U.S.C. § 1521.

      1.    The Petitioners are Entitled to Relief Under Section 1520

      Upon recognition of a foreign main proceeding, certain relief is automatically granted as a matter of right.  See In re Chiang, 437 B.R. at 404-05 (noting that upon recognition of a foreign main proceeding, "a number of provisions of the U.S. bankruptcy code apply automatically"); see also In re Rede Energia S.A., 515 B.R. at 89 ("If a foreign case is recognized as a foreign main proceeding, as it was here, certain relief automatically goes into effect, pursuant to 11 U.S.C. § 1520 . . . ."); 11 U.S.C. § 1520.  This relief includes, among other things, imposition of an automatic stay with respect to the foreign debtor and all of its property in the United States.  See 11 U.S.C. § 1520(a)(l) ("Upon recognition of a foreign proceeding that is a foreign main proceeding . . . sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States.").  As established here, the Hong Kong Proceedings are entitled to recognition as foreign main proceedings.  Accordingly, the Petitioners and the Hong Kong Proceedings are entitled to all relief that is automatically available upon recognition of a foreign main proceeding, including imposition of the automatic stay with respect to all of the Debtors' property in the United States.

---

[6]   If this Court were to conclude that any of the requested relief is not available as a matter of right under section 1520 or at this Court's discretion under section 1521, relief may be granted pursuant to section 1507 of the Bankruptcy Code.  Section 1507 authorizes this Court to "provide additional assistance to a foreign representative under [the Bankruptcy Code] or under other laws of the United States."  11 U.S.C. § 1507.  In deciding whether to extend relief under section 1507, this Court must consider principles of comity and determine whether the requested relief would reasonably assure: (a) just treatment of the Debtors' creditors; (b) protection of the Debtors' United States creditors against prejudice and inconvenience in claim processing; (c) prevention of preferential or fraudulent dispositions of the Debtors' property; (d) distribution of the Debtors' property substantially in accordance with the Bankruptcy Code's priority scheme; and (e) the provision of an opportunity for a fresh start for an individual debtor.  See id.  The Petitioners respectfully submit that the requested relief satisfies the requirements of section 1507 of the Bankruptcy Code.

2.    The Petitioners are Entitled to the Relief Requested Under Section 1521

In addition to the relief that is automatically provided by section 1520, the Petitioners seek a variety of relief under section 1521 of the Bankruptcy Code to assist in the effective administration of the Hong Kong Proceedings and the Debtors' assets.    Upon recognition of a foreign proceeding, the Court may, at the request of the foreign representative

> where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of creditors . . . grant any appropriate relief including -

>> (1)    Staying the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a);

>> (2)    Staying execution against the debtor's assets to the extent it has not been stayed under section 1520(a);

>> (3)    Suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520(a);

* * *

Entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative.

See 11 U.S.C. § 1521(a).  Under section 1521(e) of the Bankruptcy Code, the foregoing relief (other than entrusting the administration or the realization of the debtor's assets to the foreign representative) is subject to the traditional standards for issuance of an injunction.  See 11 U.S.C. § 1521(e).  The courts in this Circuit typically apply the following four-part test in determining whether to grant injunctive relief:

> 1.    the likelihood that the moving party will prevail on the merits;

> 2.    the extent to which the moving party will suffer irreparable harm if injunctive relief is not granted;

> 3.    the balance of equities tips in the moving party's favor; and

> 4.    whether issuance of an injunction is in the public interest.

See Small v. Avanti Health Sys., LLC, 661 F.3d 1180, 1187 (9th Cir. 2011).  In this instance, all the factors support granting the relief requested by the Petitioners under section 1521(a).

First, the Petitioners have demonstrated a likelihood of success as to the merits of the Petition.  The Petitioners have shown that (i) the Debtors are eligible to be Chapter 15 debtors under the Bankruptcy Code, (ii) these cases are proper under Chapter 15 of the Bankruptcy Code, (iii) the Hong Kong Proceedings are pending in Hong Kong, where the Debtors have their respective COMIs, and are therefore entitled to recognition as foreign main proceedings, and (iv) as set forth below, neither recognition nor any of the other relief sought herein would be manifestly contrary to the public policy of the United States.

Second, as discussed in greater detail in the Verified Petition, the Debtors own property in the United States and are currently marketing two vacant lots in California for sale without the Petitioners' consent in violation of Hong Kong law.  These vacant lots, and possibly other undiscovered assets of the Debtors, may be transferred at any time and without notice to the Petitioners.  Consequently, the relief requested, including injunctive relief and the suspension of the Debtors' ability to dispose of their assets, is needed to ensure that the Petitioners can, in accordance with their duties under Hong Kong law, preserve and administer the Debtors' assets for the benefit of all creditors.  Absent such relief, the Petitioners may be prevented from fulfilling their duties.  Moreover, the Debtors' estates and creditors would be irreparably harmed by the Debtors' improper disposition of their assets without the Petitioners' consent or leave from the Hong Kong Court.

Third, the balance of the equities tips in the Petitioners' favor.  The Petitioners are seeking relief under section 1521 to ensure that they can comply with their duties under Hong Kong law and administer the Debtors' assets for the benefit of the Debtors' estates and creditors.  Such relief will assist the Petitioners in meeting their obligation to preserve and administer the Debtors' property and distribute the proceeds thereof to creditors.  Absent the relief requested, the Petitioners will not be able to administer the Debtors' assets in the United States to the detriment of creditors.  Unless the Petitioners are entrusted with administration and realization of the Debtors' assets in the United States, creditors will likely recover little, if anything, on account of their claims in the Hong Kong Proceedings.  This outweighs any potential hardship to the Debtors, both of whom may assert their rights and claims in the Hong Kong Court.  Moreover,

1    the centralization of the administration of the Debtors' property in Hong Kong will benefit

2    creditors by "prevent[ing] conflicting judgments from different courts and . . . harmoniz[ing] all

3    of the creditors' interests with one another." Fidelity Mortg. Investors v. Camelia Builders, Inc.,

4    550 F.2d 47, 55 (2d Cir. 1976), cert. denied, 429 U.S. 1093, and reh'g denied, 430 U.S. 976

5    (1977); see In re Mac Donald, 755 F.2d 715, 717 (9th Cir. 1985) ("The Section 362 automatic

6    stay gives the bankruptcy court an opportunity to harmonize the interests of both the debtor and

7    creditors while preserving the debtor's assets for repayment and reorganization of his or her

8    obligations."); In re Bradley, 38 B.R. 425, 428 (Bankr. C.D. Cal. 1984)("[t]he [automatic] stay is

9    said to prevent 'a chaotic and uncontrolled scramble for the debtor's assets in a variety of

10   uncoordinated proceedings in different courts.'") (quoting Fidelity Mortgage, 550 F.2d at 55).

11          In contrast, without the requested relief, there can be no equitable and orderly

12   distribution of the Debtors' estates pursuant to a unified, comprehensive statutory framework

13   provided by the Bankruptcy Ordinance in Hong Kong.  Without the requested relief, it will be

14   impossible for the Petitioners to maximize the value of the Debtors' assets in the United States for

15   the benefit of creditors.  Such an outcome would be contrary to the fundamental purpose of the

16   Bankruptcy Code.  See Dorroh v. Wurst (In re Warren), 2011 Bankr. LEXIS 1494, 2011 WL

17   3299819 (B.A.P. 9th Cir. Mar. 15, 2011) (noting the "fundamental principle that creditors of

18   equal priority should receive pro rata shares of the debtor's property."); Cunard Steamship Co.

19   Ltd. v. Salen Reefer Services A.B., 773 F.2d 452, 459 (2d Cir. 1985) (the "guiding premise of the

20   Bankruptcy Code . . . is the equality of distribution of assets among creditors.").  Accordingly, the

21   balance of the equities tips decidedly in favor of the Petitioners, and the requested relief is

22   appropriate under section 1521 of the Bankruptcy Code.

23          Finally, the relief requested does not harm the public interest.  Indeed, as described

24   in greater detail below, the requested relief is consistent with the policies underlying Chapter 15

25   and the Bankruptcy Code.  Consequently, the Petitioners believe that granting the requested relief

26   would promote the public interest.

27

28

**E.      Recognition of the Hong Kong Proceedings Would Not be
          Manifestly Contrary to the Public Policy of the United States**

Section 1506 of the Bankruptcy Code provides that nothing in Chapter 15 requires this Court to take any action that would be manifestly contrary to the public policy of the United States.[7]  11 U.S.C. § 1506.  "[F]ederal courts in the United States have uniformly adopted the narrow application of the public policy exception."  In re OAS S.A., 533 B.R. 83, 103 (Bankr. S.D.N.Y. 2015) (citing Fairfield Sentry, 714 F.3d at 139); see In re Comercial V.H., S.A. de C.V., 2012 Bankr. LEXIS 4252, 2012 WL 4051882 (Bankr. D. Ariz. Sept. 13, 2010) ("The [section] 1506 statutory exception is 'narrow' and 'is intended to be invoked only under exceptional circumstances concerning matters of fundamental importance to the United States.'") (quoting In re Ran, 607 F.3d 1017, 1021 (5th Cir. 2010)).  The relief requested by the Petitioners is not manifestly contrary to, but rather consistent with, United States public policy.

Recognition of the Hong Kong Proceedings and granting the related relief requested by the Petitioners would be consistent with the purpose of Chapter 15 and its predicate, the UNCITRAL Model Law on Cross Border Insolvency.  Section 1501 of the Bankruptcy Code provides, in pertinent part that:

> The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of -
>
> (1)      cooperation between -
>
> * * *

(B)      the courts and other competent authorities of foreign countries involved in cross-border insolvency cases;

* * *

fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor;

> (2)      protection and maximization of the value of the debtor's assets.

11 U.S.C. § 1501.

---

[7]  As the legislative history explains, "[section 1506] follows the Model Law article 5 exactly . . . and has been narrowly interpreted on a consistent basis in courts around the world.  The word 'manifestly' in international usage restricts the public policy exception to the most fundamental policies of the United States."  H.R. REP. 109-31 pt. 1 (2005).

DOCUMENT PREPARED
ON RECYCLED PAPER

1    The relief requested by the Petitioners is consistent with, and critical to effectuate, the

2    objectives of Chapter 15 for several reasons.  First, recognition of the Hong Kong Proceedings

3    would foster cooperation between the Hong Kong Court and United States courts because it

4    would enable the Petitioners to effectively administer the Debtors' assets located in the United

5    States in accordance with the Bankruptcy Ordinance under the supervision of the Hong Kong

6    Court.

7        Second, recognition of the Hong Kong Proceedings would promote the fair and efficient

8    administration of a cross-border insolvency that protects the interests of all creditors and

9    interested entities.  By recognizing the Hong Kong Proceedings, this Court would help ensure that

10   the administration of the Debtors' assets and the process of resolving claims against the Debtors

11   would be centralized in Hong Kong.  If the Debtors and other parties are not stayed from

12   disposing the Debtors' assets in the United States, the Petitioners will not be able to properly

13   administer the Debtors' assets for the benefit of all creditors.  Absent the relief requested, the

14   uniform and orderly administration of the Debtors' assets would be jeopardized.  Accordingly, the

15   relief requested would further the objectives of Chapter 15 by preserving the Debtors' assets and

16   ensuring that the Petitioners can maximize their value for the benefit of all creditors.

17                                              **V.**

18                                      **CONCLUSION**

19       WHEREFORE, the Petitioners respectfully request that this Court grant the relief

20   requested and such other and further relief as may be just and proper.

21   Dated: November 15, 2017                      REBECCA J. WINTHROP
                                                   ROBIN BALL
22                                                 ANDREW ROSENBLATT
                                                   FRANCISCO VAZQUEZ
23                                                 NORTON ROSE FULBRIGHT US LLP

24

25                                       By:   /s/ *Rebecca J. Winthrop*
                                               REBECCA J. WINTHROP
26                                             Attorneys for Petitioners
                                               OSMAN MOHAMMED ARAB and
27                                             WONG KWOK KEUNG. in their capacity
                                               as the joint and several Trustees of Cheng
28                                             Wai Hung and Cheng Wai Tak Terence,
                                               Debtors in Foreign Proceedings

DOCUMENT PREPARED
ON RECYCLED PAPER

23792513.1