1  REBECCA J. WINTHROP (CA BAR NO. 116386)
   ROBIN BALL (CA BAR NO. 159698)
2  ANDREW ROSENBLATT (*pro hac vice* pending)
   FRANCISCO VAZQUEZ (*pro hac vice* pending)
3  NORTON ROSE FULBRIGHT US LLP
   555 South Flower Street
4  Forty-First Floor
   Los Angeles, California  90071
5  Telephone:    (213) 892-9200
   Facsimile:    (213) 892-9494
6  rebecca.winthrop@nortonrosefulbright.com
   robin.ball@nortonrosefulbright.com
7  andrew.rosenblatt@nortonrosefulbright.com
   francisco.vazquez@nortonrosefulbright.com

Attorneys for Petitioners OSMAN MOHAMMED ARAB and WONG KWOK KEUNG, in their capacity as the joint and several Trustees of the property of Cheng Wai Hung and Cheng Wai Tak Terence

**FILED & ENTERED**

**NOV 20 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** craig    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Cheng Wai Hung,<br><br>Debtor in a Foreign Proceeding. | Lead Case No.: 6:17-bk-19494-SC<br><br>Jointly Administered with:<br><br>Case No. 6:17-bk-19495-SC (Cheng Wai Tak Terence)<br><br>Chapter 15 Cases |
| In re:<br><br>Cheng Wai Tak Terrence,<br><br>Debtor in a Foreign Proceeding | **ORDER GRANTING PROVISIONAL STAY UNDER 11 U.S.C. §§ 105, 362, AND 1519**<br><u>Emergency Hearing:</u><br>Date: November 17, 2017<br>Time: 10:00 a.m.<br>Place: 411 W. Fourth Street, Ctrm. 5C<br>           Santa Ana, CA 92701-4593 |
| ☒ Affects All Debtors<br>☐ Affects Cheng Wai Hung, Debtor in Foreign Proceeding<br>☐ Affects Cheng Wai Tak Terence, Debtor in Foreign Proceeding | |

Upon the motion (the "Motion") of Petitioners OSMAN MOHAMMED ARAB and WONG KWOK KEUNG, in their capacity as the joint and several Trustees (together, the "Petitioners") and duly authorized foreign representatives of Cheng Wai Hung ("Wai Hung") and Cheng Wai Tak Terence ("Wai Tak," together with Wai Hung, the "Debtors"), for an order, pursuant to 11 U.S.C. § 1519, directing the joint administration of the above-captioned cases (together, the "Chapter 15 Cases") for procedural purposes only, and upon consideration of the Motion and the arguments contained therein; and the Court having determined that no other or further notice need be given and sufficient cause appearing therefore.

The Court **HEREBY FINDS AND ORDERS** as follows:

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue is proper in this District pursuant to 28 U.S.C. §§ 1409 and 1410.

B.  The relief sought by the Petitioners is authorized under sections 105(a), 362, and 1519 of the Bankruptcy Code.

C.  The Petitioners have demonstrated that the requested relief is justified pursuant to section 1519(e) of the Bankruptcy Code:

   a.  The Petitioners have demonstrated a reasonable probability that the Hong Kong Proceedings will be recognized as foreign main proceedings pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code;

   b.  The Petitioners have demonstrated that, in the absence of the requested relief, the Petitioners, the Debtors' estates, their creditors, and other parties-in-interest will suffer immediate and irreparable harm for which they will have no adequate remedy at law as there is a material risk that one or more of the Debtors' assets will be sold or otherwise transferred, thereby frustrating the objectives of Chapter 15 (as set forth in section 1501 of the Bankruptcy Code) and disrupting the orderly administration of the Debtors'

estates under the Hong Kong Court's supervision in the Hong Kong Proceedings;

    c.    The Petitioners have demonstrated that the relief requested is urgently needed and will not cause either an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of such relief; and

    d.    The interest of the public and will be served by this Court's granting of the relief requested by the Petitioners.

D.    The entry of this Order is in the best interest of the Debtors' estates, property, creditors, and other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Motion is hereby GRANTED.

2.    Section 362 of the Bankruptcy Code shall hereby apply to, and remain in full force and effect with respect to, the Debtors and their property within the territorial jurisdiction of the United States pending the Court's decision on the Verified Petition.  For the avoidance of doubt, (i) no proceeding, suit, complaint, action, arbitration, application, enforcement, process, right or remedy, judicial or extra-judicial, statutory or nonstatutory (each, a "Proceeding"), other than the Hong Kong Proceedings, shall be commenced or continued against or in respect of the Debtors or in any way affecting the Debtors' property, except with the written consent of the Petitioners, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Debtors or affecting the Debtors' property (other than the Hong Kong Proceedings), are hereby stayed and suspended pending further Order of the Hong Kong Court; (ii) any and all actions relating to execution against the Debtors' property are hereby stayed; and (iii) any and all rights to transfer, encumber or otherwise dispose of any property of the Debtors' is hereby suspended and stayed.

3.    All rights and remedies of any individual, firm, corporation, governmental body or agency, or other entity (each, a "Person"), whether judicial or extrajudicial, statutory or nonstatutory, against or in respect of either or both the Debtors or affecting the Debtors' property,

are hereby stayed and suspended (including, without limitation, any execution against any of the Debtors' assets and any Person's right to transfer, encumber or otherwise dispose of any assets of the Debtors) except with the written consent of the Petitioners, or leave of this Court, <u>provided</u> that nothing in this Order shall: (i) enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding; (ii) empower the Debtors or the Petitioners to carry on any business for which they are not lawfully entitled to carry on; or (iii) exempt the Debtors and the Petitioners from compliance with statutory or regulatory provisions relating to health, safety, or the environment.

4. The security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, made applicable to this case by Rule 7065 of the Federal Rules of Bankruptcy Procedure, are inapplicable to the relief sought and granted herein.

5. This Court retains jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Order, its implementation, or otherwise arising from or related to this case.

6. The Petitioners are hereby authorized and empowered to take any action or perform any act necessary to implement and effectuate the terms of this Order.

7. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

8. Notice of the entry of this Order shall be served by overnight courier on (i) the Provisional Relief Parties and (ii) the Office of the United States Trustee, which shall constitute adequate and sufficient service and notice.

###

Date: November 20, 2017

Scott C. Clarkson
United States Bankruptcy Judge