| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | REBECCA J. WINTHROP (CA BAR NO. 116386)<br>ROBIN BALL (CA BAR NO. 159698)<br>ANDREW ROSENBLATT (*pro. hac vice* pending)<br>FRANCISCO VAZQUEZ (*pro. hac vice* pending)<br>NORTON ROSE FULBRIGHT US LLP<br>555 South Flower Street<br>Forty-First Floor<br>Los Angeles, California  90071<br>Telephone:     (213) 892-9200<br>Facsimile:      (213) 892-9494<br>rebecca.winthrop@nortonrosefulbright.com<br>robin.ball@nortonrosefulbright.com<br>andrew.rosenblatt@nortonrosefulbright.com<br>francisco.vazquez@nortonrosefulbright.com<br><br>Attorneys for Petitioners OSMAN MOHAMMED ARAB and WONG KWOK KEUNG, in their capacity as the joint and several trustees of the property of Cheng Wai Hung and Cheng Wai Tak Terence |

**FILED & ENTERED**

**DEC 20 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** craig      **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>    Cheng Wai Hung,<br><br>        Debtor in a Foreign Proceeding. | Lead Case No.: 6:17-bk-19494-SC<br><br>Jointly Administered with:<br><br>Case No. 6:17-bk-19495-SC (Cheng Wai Tak Terence)<br><br>Chapter 15 Cases<br><br>**ORDER GRANTING VERIFIED PETITION FOR RECOGNITION OF FOREIGN PROCEEDINGS AND RELATED RELIEF** |
| In re:<br><br>    Cheng Wai Tak Terence,<br><br>        Debtor in a Foreign Proceeding | |
| ☒ Affects All Debtors<br>☐ Affects Cheng Wai Hung, Debtor in Foreign Proceeding<br>☐ Affects Cheng Wai Tak Terence, Debtor in Foreign Proceeding | Date:  December 19, 2017<br>Time:  1:30 p.m.<br>Place:  411 W. Fourth Street, Ctrm. 5C<br>            Santa Ana, CA 92701-4593 |

23787934.2

DOCUMENT PREPARED ON RECYCLED PAPER

Upon the *Verified Petition for Recognition of Foreign Proceedings and Related Relief* (the "Verified Petition")[1] filed by OSMAN MOHAMMED ARAB and WONG KWOK KEUNG, in their capacity as the joint and several Trustees (together, the "Petitioners") and duly authorized foreign representatives of Cheng Wai Hung ("Wai Hung") and Cheng Wai Tak Terence ("Wai Tak," together with Wai Hung, the "Debtors"), for an order, pursuant to Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), granting recognition of the Hong Kong Proceedings, Case Nos. 2959 and 2969 of 2015, pending before the Court of First Instance of the High Court of the Hong Kong Special Administrative Region (the "Hong Kong Court") under the laws of Hong Kong as foreign main proceedings; and this Court having read and considered the Verified Petition, the *Declaration of Lewis Shang Chu Man*; and the Court having reviewed the June 17 Orders and August 6 Resolutions issued in, or otherwise in connection with, the Hong Kong Proceedings and having taken judicial notice thereof; and the Court having reviewed and considered any objections and responses filed in connection with the Verified Petition and the relief requested thereby and having further heard and considered the arguments of the parties and any evidence presented or adduced by the parties; and the Court having determined that no other or further notice need be given and sufficient cause appearing therefore.

The Court HEREBY FINDS AND ORDERS as follows:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1410.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Verified Petition.

DOCUMENT PREPARED
ON RECYCLED PAPER

23787934.2                                - 2 -

C. This case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

D. The Verified Petition and associated filings meet the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

E. The Hong Kong Proceedings are foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code.

F. The Hong Kong Proceedings are entitled to recognition by this Court pursuant to sections 1515 and 1517(a) of the Bankruptcy Code.

G. The Debtors' centers of main interests are located in Hong Kong and, therefore, each of the Hong Kong Proceedings are entitled to recognition as a foreign main proceeding pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

H. Each of the Petitioners is a person as defined in section 101(41) of the Bankruptcy Code and the duly appointed foreign representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

I. The relief sought in the Verified Petition is necessary to effectuate the purpose of Chapter 15 of the Bankruptcy Code, and to protect the Debtors and the interests of their creditors and other parties in interest.

J. The Petitioners are entitled to the additional relief set forth herein pursuant to section 1521 of the Bankruptcy Code.

K. Notice of the Verified Petition, the Hearing, and the relief requested in the Verified Petition and at the Hearing was proper, adequate, sufficient and comported with due process under the circumstances, and no other or future notice is or shall be required.

Now, therefore, it is hereby **ORDERED, ADJUDGED AND DECREED THAT**:

1. The Verified Petition is GRANTED in its entirety. All objections and other responses relating to the Verified Petition that have not been withdrawn, waived, or otherwise resolved are overruled in all respects on the merits and denied.

2. The Hong Kong Proceedings are granted recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

3. The Petitioners are: (i) recognized as the foreign representatives (as defined in section 101(24) of the Bankruptcy Code) of the Debtors; (ii) entitled to seek or respond to discovery, examine witnesses, seek and take evidence, and deliver or obtain information concerning the Debtors' assets, affairs, rights, obligations, or liabilities pursuant to section 1521(a)(4) of the Bankruptcy Code; and (iii) entrusted with the administration, realization, and distribution through the Hong Kong Proceedings of all of the Debtors' assets within or being monetized in the territorial jurisdiction of the United States, pursuant to sections 1521(a)(5) and 1521(b) of the Bankruptcy Code.

4. Pursuant to section 1521 of the Bankruptcy Code, (i) the relief granted in that certain *Order Granting Provisional Stay Under 11 U.S.C. §§ 105, 362, and 1519* dated November 20, 2017 (the "Stay Order") shall remain in full force and effect, and to the extent such Stay Order and section 1520(a) do not stay or suspend any given action or right, (ii) it is hereby ordered that (a) the commencement or continuation of an individual action or proceeding concerning the Debtors' assets, rights, obligations or liabilities as well as execution against any of the Debtors' assets, is hereby stayed and (b) the right to transfer, encumber or otherwise dispose of any assets of the Debtors is hereby suspended; provided, however, that nothing herein shall limit or impair the Petitioners' right or authority to take any actions.

5. The Petitioners are authorized to take all actions necessary to effectuate the relief granted by this Order without notice or further order of the Court.

6. Copies of this Order shall be served by United States mail, first-class postage prepaid upon all known United States creditors, if any, and any other known parties in interest located in the United States on or before one

(1) business day after entry of this Order on the Court's docket in this Case, or as soon thereafter as practicable.

7. Notice of entry of this Order shall be published in the <u>San Diego Union-Tribune</u> and the <u>San Diego Chinese Tribune</u> on or before January 5, 2018, or as soon thereafter as practicable.

8. Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

9. This Court retains jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Order, its implementation, or otherwise arising from or related to this case.

10. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

### # ###

Date: December 20, 2017

Scott C. Clarkson
United States Bankruptcy Judge