Jennifer R. Lloyd, Esq. (CA Bar No. 310661)
**Howard & Howard Attorneys PLLC**
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
E-Mail: jl@h2law.com
*Attorneys for Petitioners OSMAN MOHAMMED ARAB and WONG KWOK KEUNG, in their capacity as the joint and several trustees of the property of Cheng Wai Hung and Cheng Wai Tak Terence*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Cheng Wai Hung,<br><br>Debtor in a Foreign Proceeding. | Lead Case No.: 6:17-bk-19494-SC<br><br>Jointly Administered with:<br><br>Case No. 6:17-bk-19495-SC (Cheng Wai Tak Terence) |
| In re:<br><br>Cheng Wai Tak Terrence<br><br>Debtor in a Foreign Proceeding. | Chapter 15 Cases<br><br>**NOTICE OF MOTION FOR ORDER WITHOUT A HEARING [LBR 9013-1(P)]**<br><br>**AND** |
| ☒ Affects All Debtors<br>☐ Affects Cheng Wai Hung, Debtor in Foreign Proceeding<br>☐ Affects Cheng Wai Tak Terrence, Debtor in Foreign Proceeding | **MOTION OF THE PETITIONERS FOR ORDER AUTHORIZING THE EXAMINATION OF CHAN SO LING PURSUANT TO FED. R. BANKR. P. 2004; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JENNIFER R. LLOYD IN SUPPORT THEREOF** |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTORS; SO LIN CHAN, THE PROPOSED EXAMINEE; AND PARTIES WHO HAVE FILED A REQUEST FOR SPECIAL NOTICE PURSUANT TO BANKRUPTCY RULE 2002:**

**PLEASE TAKE NOTICE THAT** Osman Mohammed Arab and Wong Kwok Keung, in their capacity as the joint and several Trustees (together, the "Petitioners") of the property of Cheng Wai Hung ("Wai Hung") and Cheng Wai Tak Terence ("Wai Tak," and, together with Wai Hung, the "Debtors"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") and Local Bankruptcy Rule 2004-1 ("LBR 2004-1"), hereby move the Court (the "Motion") for an Order authorizing the Petitioners to issue subpoenas for testimony and documents to Chan So Ling (a/k/a Cheng So Ling) ("So Ling") Chan, residing at 44765 Via Pino, Temecula, CA 92590, relating to certain assets and transfers of the Debtors. Petitioners require this information and the requested documents to identify, control, and safeguard the Debtors' assets and potentially pursue claims for the benefit of the Debtors' creditors and estates.

So Ling possesses and/or has access to documents and information showing the ownership and possible transfers of certain assets, and related proceeds, of the Debtors which information is not otherwise available to the Petitioners.

The examination cannot proceed under Federal Rules of Bankruptcy Procedure 7030 and 9014 because no adversary proceeding or contested matter is currently pending through which the information sought can be obtained, and the Petitioners have attempted, without success, to obtain the requested documents and information from the Proposed Examinee on a consensual basis, to no avail.

Nothing in this Motion or Order shall impair the right of the Petitioners to seek additional productions or examinations in the future.

Petitioners request that the Court grant the Motion without a hearing as provided for in LBR 9013-1(p), which, in addition to notice via Notice of Electronic Filing, requires the Motion to be served on additional parties as specified in LBR 2004-1.

This Motion is based on this Notice and the attached Memorandum of Points and Authorities and Declaration of Jennifer R. Lloyd, Esq.

Petitioners will promptly lodge and order that the Court may use to rule on this Motion, as the Court may rule on the motion without a hearing and without an opportunity for any party to file a request for a hearing.

WHEREFORE, the Petitioners respectfully request that the Court grant the Motion and such other and further relief as it deems necessary, just and proper.

Respectfully submitted,

Dated: August 15, 2019    **Howard & Howard Attorneys PLLC**

/s/ *Jennifer R. Lloyd, Esq.*
Jennifer R. Lloyd, Esq. (CA Bar No. 310661)
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
E-Mail: jl@h2law.com

*Attorneys for Petitioners OSMAN MOHAMMED ARAB and WONG KWOK KEUNG, in their capacity as the joint and several trustees of the property of Cheng Wai Hung and Cheng Wai Tak Terence*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND

On December 20, 2017, this Court entered its Order Granting the Verified Petition for Recognition of Foreign Proceedings and Related Relief [Dkt. 40] (the "Recognition Order").[1] Pertinent to this Motion, the Recognition Order provides that the Petitioners are, among other things: "entitled to seek or respond to discovery, examine witnesses, seek and take evidence, and deliver or obtain information concerning the Debtors' assets, affairs, rights, obligations, or liabilities pursuant to section 1521(a)(4) of the Bankruptcy Code." See Recognition Order at para. 3.

In the Verified Petition granted by the Recognition Order, the Petitioners set forth the Debtors' background and the purpose of these proceedings, including the identification of various assets that could potentially be recovered and realized for the benefit of the Debtors' estates and creditors (the "Assets"). See Verified Petition at pp. 8-9. In addition, the Petitioners identified So Ling, the Debtors' sister, as an individual who may possess or control assets currently or previously belonging to the Debtors. At a minimum, So Ling has knowledge of the ownership and/or transfers of certain of the Assets: she provided some of this information to this Court, both in writing and during her appearance at the hearing on the Verified Petition.

By this Motion, the Petitioners seek permission to issue subpoenas to So Ling to obtain documents and testimony related to the Assets, including without limitation, the following: (i) two vacant lots adjacent to 44765 Via Pino in Temecula, California; (ii) all additional undeveloped parcels in the Country Club Heights development in Lake Elsinore, California;

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Order.

and (iii) commercial property in Murietta, California, and (iv) all other assets owned, now or previously, by the Debtors, all within So Ling's possession, custody, control, or knowledge, including the disposition or location of any proceeds of such assets.

## II.

### THE PETITIONERS ARE ENTITLED TO A RULE 2004 ORDER UNDER THE RECOGNITION ORDER AND APPLICABLE LAW

The Recognition Order specifically provides the Petitioners the authority, among other things, to seek discovery, examine witnesses, and obtain information concerning the Debtors' assets. In addition, Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Examinations under Bankruptcy Rule 2004 include within their scope, among other things, any matter that may be related to the property and assets of the estate; the financial condition of the debtor; and any matter that may affect the administration of a debtor's estate. See Fed. R. Bankr. P. 2004(b) In addition, the attendance of a person at an examination may be ordered by the Court "at any time or place it designates, whether within or without the district court wherein the case is pending." Fed R. Bankr. P. 2004(d).

The purpose of a Bankruptcy Rule 2004 examination is "to allow inquiry in the debtor's acts, conduct or financial affairs so as to discover the existence or location of assets of the estate." *In re Dinbilo*, 177 B.R. 932, 940 (E.D. Cal. 1993); see also *In re N. Plaza LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (purpose of Bankruptcy Rule 2004 examination is discovering assets and unearthing frauds) (internal citations omitted). The scope of an examination permitted under Bankruptcy Rule 2004 is "exceptionally broad." See *In re N. Plaza LLC*, 395 B.R. at 122 n. 9. This broad inquiry extends to third parties as well: "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party

who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993); see also *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. D. Wis. 1984) ("When there is a showing that the purpose of the examination is to enable a party to probe into matters which may lead to the discovery of assets by examining not only the debtor, but also other witnesses, such inquiry is allowed."). This is because "[t]he clear intent of Rule 2004…is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984).

By her own admission in correspondence to, and during her appearance before, this Court, So Ling, the Debtors' sister residing in California, possesses or has access to information, including documents concerning the Assets and/or their disposition. The Petitioners require such information and documents to fulfill their obligations of administering and realizing the Debtors' assets.

The proposed examination cannot proceed at this time under Bankruptcy Rule 7030 or 9014 because the Petitioners are not a party to any pending adversary proceeding or contested matter that includes the scope of the inquiry sought herein.

### III.

### CONCLUSION

For the reasons set forth above, the Petitioners respectfully request that this Court enter an order granting this Motion in its entirety and (a) authorizing the Petitioners, pursuant to Bankruptcy Rules 2004 and 9016, to issue subpoenas to So Ling without further order of the Court; and (b) granting such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: August 15, 2019 | **Howard & Howard Attorneys PLLC** |
| | /s/ *Jennifer R. Lloyd, Esq.* |
| | Jennifer R. Lloyd, Esq. (CA Bar No. 310661) |
| | 3800 Howard Hughes Pkwy., Ste. 1000 |
| | Las Vegas, NV 89169 |
| | Telephone: (702) 257-1483 |
| | Facsimile: (702) 567-1568 |
| | E-Mail: jl@h2law.com |
| | *Attorneys for Petitioners OSMAN MOHAMMED ARAB and WONG KWOK KEUNG, in their capacity as the joint and several trustees of the property of Cheng Wai Hung and Cheng Wai Tak Terence* |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3800 Howard Hughes Pkwy, Suite 1000, Las Vegas, NV 89169

A true and correct copy of the foregoing document entitled (*specify*): __Notice of Motion for Order without a Hearing [LBR 9013-1 (P)] and Motion of the Petitioners for Order Authorizing the Examination of Chan So Ling Pursuant to FED.R. BANKR.P. 2004; Memorandum of Points and Authorities and Declaration of Jennifer R. Iloid in Support Thereof_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __8/16/19_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Everett L. Green**    Office of the US Trustee    everett.l.green@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _8/16/19_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Chan So Ling**
44765 Via Pino
Temecula, CA 92590

**Chan So Ling**
32827 Temecula Parkway
Temecula, CA 92592

**Chan So Ling**
33311 Windtree Avenue
Wildomar, CA 92595

**Eva Chang**
**Century Garden Realty**
21808 Sataquin Drive
Diamond Bar, CA 91765

**Jing Chen**
**Coldwell Banker**
660 W. Huntington Drive
Arcadia, CA 91007

**Everett L. Green**
**Office of the US Trustee**
3801 University Ave., Suite 720
Riverside, CA 92501

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/16/19 | Amber Clayton | /s/ Amber Clayton |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**